979 F.2d 849
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ervin L. HARVEY, Defendant-Appellant.
 No. 92-5085.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 16, 1992
Decided: November 19, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.
 Michael J. Del Giudice, Ciccarello & Del Giudice, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Jacquelyn I. Custer, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS and WILLIAMS, Circuit Judge, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ervin L. Harvey pled guilty to one count of willful failure to file a tax return (26 U.S.C.A. § 7203 (West Supp. 1992)) and appeals the ten-month sentence he received. We affirm.
 
 
 2
 Harvey filed his personal income tax returns for 1979, 1981, 1982, and 1983 after April 15 without getting extensions of time to file. He filed no returns for the years 1985 through 1987 until he was contacted by the Internal Revenue Service (IRS) in 1988. He then filed returns for these years. Harvey's tax return for 1989 was filed a day late. His return for 1990 was timely. For none of these years did Harvey pay all the tax due. At the time he entered into a plea agreement in June 1991, Harvey owed a total of $42,681.61. In his objections to the presentence report, Harvey conceded owing this amount.
 
 
 3
 Harvey contends that the district court erred in using the whole amount of tax owed to determine his base offense level under guideline section 2T1.2.* However, we find no error here. The base offense level for a violation of § 7203 depends upon the tax loss, which is the total amount of tax the taxpayer owed and did not pay. All conduct which violates the tax laws is to be considered part of the same course of conduct unless the evidence shows that it is clearly unrelated. U.S.S.G. § 2T1.2, comment. (n.3). Although offenders are not always prosecuted, both failure to file a tax return on time and failure to pay the tax due are violations of § 7203. By consistently filing his returns late and consistently failing to pay the tax owed, Harvey showed a continuing pattern of violating the tax laws. U.S.S.G. § 2T1.1, comment. (n.3) (cross-reference from § 2T1.2).
 
 
 4
 Further, the district court did not err in considering tax years beyond the statute of limitations because the statute of limitations bars only charges or indictments based on the conduct in question, not consideration during sentencing. See United States v. Grayson, 438 U.S. 41, 50 (1978) (sentencing judge's inquiry largely unlimited); U.S.S.G. § 1B1.4 (district court to consider all relevant conduct, without other limitation).
 
 
 5
 We find no clear error in the district court's decision not to give Harvey a two-level reduction for acceptance of responsibility. The court found that Harvey had not been truthful and forthright in disclosing financial information requested by the probation officer. In addition, Harvey claimed in the district court, and is still claiming on appeal, that his failure to pay the taxes he owed was not criminal conduct. To earn the reduction, a defendant must acknowledge all his criminal conduct. United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990).
 
 
 6
 We therefore affirm the judgment of the district court. We grant Harvey's motion to waive oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)